**UNITED STATES BANKRUPTCY COURT**
**Northern District of Georgia**
**1340 United States Courthouse**
**75 Ted Turner Drive SW**
**Atlanta, GA 30303**

| | |
|---|---|
| In Re: **William D. Calle,** | Case No. **26-51268-JWJ** |
| Debtor | Chapter 13 |

**VIP PROPERTIES & INVESTMENTS, LLC'S MOTION TO DISMISS CHAPTER 13**
**CASE FOR CAUSE PURSUANT TO 11 U.S.C. § 1307(c)**

VIP Properties & Investments, LLC, a Georga limited liability company ("VIP"), by and through undersigned counsel, moves to dismiss this Chapter 13 case for cause pursuant to 11 U.S.C. § 1307(c), and respectfully shows the Court as follows:

**I. INTRODUCTION**

This Chapter 13 case was not filed to reorganize legitimate debts, but rather to misuse the protections of the Bankruptcy Code and to interfere with property rights where no debtor–creditor relationship exists. William D. Calle ("Debtor") has improperly scheduled VIP as a creditor despite the absence of any valid lease, rent obligation, agreement, or prior relationship. The facts relevant to this matter raise substantial concerns that this case was filed in furtherance of a property-related fraud scheme involving a third party. Dismissal is warranted.

## II. FACTUAL BACKGROUND

### A. Debtor's Petition

On January 30, 2026, the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code ("Petition")[1] listing his residence as 8703 Lake Forest Drive, Jonesboro, Georgia, 30236 ("Property"). The Debtor did not submit the schedules, statements, and Chapter 13 plan required under 11 U.S.C. § 521(a)(1) and Fed. R. Bankr. P. 1007. However, the Debtor listed VIP and Best Example, Inc.[2] in Debtor's "Creditor Matrix."[3]   As a result of these deficiencies, the Court entered its *Order Setting Deadlines for Debtor to Correct Filing Deficiencies*[4] on February 2, 2026, directing the Debtor to file the required documents.

On February 12, 2026, the Debtor filed *Debtor's First Request for A 21 Day Extension to Hire Legal Counsel* ("Extension Motion")[5] in which the Debtor requested more time to comply with the Deficiency Order. Within the Extension Motion, Debtor expressly wrote:

> The petition was filed on an emergency basis due to the one year redemption period about to lapse in which to redeem real property that was sold at a tax sale. The petition was filed 3 days before the one year redemption period expired.[6]

On February 12, 2026, the Court entered an Order granting the Debtor's request for an extension of time.[7] The Court expressly ordered that the Debtor "shall file all required documents

---

[1] Debtor's Petition (Doc. 1)
[2] Best Example, Inc. appears to a fictious company that was used on a sample creditor matrix that Debtor made no effort to remove in its hastily filed Petition.
[3] Debtor's Petition (Doc. 1, pg 10).
[4] (Doc. 7)
[5] (Doc. 13)
[6] (Doc. 13, pg. 2).
[7] (Doc. 14).

… on or before March 4, 2026," and further warned that "[f]ailure to comply with the extended deadline may result in dismissal of this case without further notice or hearing."[8]

### B. VIP's Interest in 8703 Lake Forest Drive

VIP holds a defeasible interest in real property described in that Tax Deed dated February 4, 2025, and is recorded in the office of the Clerk of the Superior Court of Clayton County, Georgia, in Deed Book 13921, page 388.[9] Pursuant to O.C.G.A § 48-4-45, after 12 months from the date of a tax sale, the tax purchaser may terminate, foreclose, divest, and forever bar the right to redeem the property by serving notice(s) of said termination ("Barment Notice") on certain eligible parties. In VIP's case, the earliest termination date that could have occurred would have been February 5, 2026 ("Feb 5").  Per O.C.G.A §48-4-40, § 48-4-45, and Georgia caselaw, only certain person(s), such as the owner of the real property, are entitled to a Barment Notice and thus able to redeem the property. The eligible pool of persons who can redeem the property was furthered narrowed in the recent Georgia Court of Appeal's decision in *Tyner v. Edge*, 355 Ga. App. 196, 202 (2020).

Per VIP's title report, since January 4, 2011 U.S. Bank National Association, as Trustee for TBW Mortgage-Backed Trust 2006-6, Mortgage Pass Through Certificates Series 2006-6 ("US Bank") held an interest in the Property.[10] Accordingly, US Bank is entitled to a Barment Notice. US Bank's ownership was confirmed in that Tax Deed as US Bank was listed as the Defendant in

---

[8] (Doc 14, Order).

[9] See Exhibit A, an excerpt of the title report with title examiner notes.

[10] In *Encore Assets, LLC v. Woodley (In re Woodley)*, 579 B.R. 630, 636 (Bankr. N.D. Ga. 2017), the Court wrote that the "Supreme Court of Georgia affirmed, stating in equally clear terms that the delinquent taxpayer continues to own the property until the redemption right terminates: The owner, or defendant in fi. fa., is the one who is entitled either to rent or possession during the period allowed for redemption. Until the expiration of that period which the law fixes for the defendant in fi. fa. to exercise his right to redeem, his title as owner is not divested. He is the one who has standing to sue for a trespass which occurs during this period." (Internal quotations and citations omitted). Despite this principle, many people, and professionals, refer to the tax sale purchaser as "the owner."

FiFa.[11] The "Barment Notice Process" shall be defined in this Motion as the process in which the tax purchaser sends Barment Notices.

### C. Wild Deeds/Fraudulent Activity

VIP conducted a title examination by a title attorney. Pertinent to this Motion, the title report determined that Clarence Carr had previously owned the property until January 4, 2011, which is when Clarence Carr executed a Deed Under Power ("Foreclosure Deed")[12] that divested Clarence Carr of any interest in the Property. Despite this Foreclosure Deed, a Quitclaim Deed dated February 8, 2018, and recorded in Deed Book 11247, Page 295 ("Wild Deed"),[13] appears in the title records and purported to convey the Property from Clarence Carr ("Clarence") to Tangiers Seven, LLC ("Tangiers"). As of the date of this motion, Tangiers is not a registered entity with Secretary of State of Georgia. Based on a subsequent instrument with Georgia Power dated March 11, 2019, recorded on March 17, 2019, and recorded in Deed Book/Page 11497/408,[14] Clarence Carr appears to be a managing member of Tangiers.[15]

**The Debtor appears nowhere in the title report.**

---

[11] The Tax Deed listing US Bank as the Defendant in Fifa also suggests that Clayton County also reviewed the Wild Deed, as defined below, and similarly determined that subsequent to the Foreclosure Deed Clarence Carr had no interest to convey to Tangiers, and thus Clayton County referenced the older, but valid Foreclosure Deed over the Wild Deed in the Tax Deed..

[12] See Exhibit B, an excerpt of the title report with title examiner notes.

[13] See Exhibit C, an excerpt of the title report with title examiner notes.

[14] See Exhibit D, an excerpt of the title report with title examiner notes.

[15] Unless there is some instrument that can explain the gaps in title, **the actions surrounding the Wild Deed and the Underground Easement likely violate multiple criminal statues.**

### D. Suspicious Communications

Prior to Feb 5, VIP and VIP's counsel started receiving communications from a person purporting to be Clarence Carr who purported to be the owner of the Property. On January 16, 2026, Clarence Carr stated to VIP's counsel:

> Hey Daniel Good Day,
>
> I purchased the property October 27th 2006 and have been living in the property ever since purchase date.
>
> Clarence L Carr
> 8703 Lake Forest Drive
> Jonesboro, GA 30236.[16]

On Sunday February 1, 2026, VIP's counsel received an email from the Debtor who claim to be a Tenant on the Property. The Debtor went on to claim he filed a bankruptcy petition and referenced an automatic stay.[17]

### III. MEMORANDUM OF LAW

### A. DISMISSAL UNDER § 1307(c)

#### 1. Caselaw

The Court in *GRP Fin. Servs. Corp. v. Olsen (In re Olsen)*, No. 06-66198-MGD, 2007 Bankr. LEXIS 614, at *27-31 (Bankr. N.D. Ga. Jan. 8, 2007) beautifully summarized the matters pertinent to a § 1307(c) dismissal:

> The purpose of Chapter 13 of the Bankruptcy Code is to provide honest debtors an opportunity to stay creditor actions, adjust the debtor-creditor relationship, permit

---

[16] See Exhibit E.
[17] See Exhibit F.

the debtor to propose a plan to pay creditors and rehabilitate the debtor financially. While 11 U.S.C. § 1325(a)(3) provides that a Chapter 13 *plan* must be filed in good faith to be confirmed, there is no code section that specifically requires a Chapter 13 *petition* to be filed in good faith. **However, it is well established that a Chapter 13 case may be dismissed for lack of good faith under 11 U.S.C. § 1307(c).** Additionally, the automatic stay may be lifted for "cause" pursuant to 11 U.S.C. § 362(d)(1) if the debtor's bankruptcy petition was filed in bad faith. Because the bankruptcy code does not define "good faith" or "bad faith," **courts may consider "any factors which evidence 'an intent to abuse the judicial process and the purposes of the reorganization provisions'** or, in particular, factors which evidence that the petition was filed' to delay or frustrate the legitimate efforts of secured, creditors to enforce their rights**.** In adopting a totality of the circumstances test, the 11th Circuit held that good faith should be analyzed in light of whether the debtor has abused the provisions, purpose, or spirit of the bankruptcy code. While no one factor is determinative and the list is not exhaustive, courts may consider the following when analyzing a debtor's good faith . . .

> (10) the circumstances under which the debtor contracted her debts and her demonstrated bona fides, or lack thereof, in dealings with creditors; (11) the trustee's burden in administering the plan;. . . (14) the accuracy of a plan's statement of debts and expenses and whether inaccuracies were an attempt to mislead the court.

Pursuant to 11 U.S.C. 362(g), a debtor carries the burden of proving good faith in relation to a motion for relief from stay under § 362(d)(1). To meet her burden, the debtor must prove good faith by a preponderance of the evidence.[18]

---

[18] Internal citations and quotations omitted. Emphasis added.

### 2. Analysis

Debtor did not file the Petition in good faith. Accordingly, this case should be dismissed. **First,** dismissal is independently warranted based upon the Debtor's failure to comply with the Bankruptcy Code and this Court's orders. The Debtor commenced this case on January 30, 2026 as a skeletal filing. Despite the clear requirements of 11 U.S.C. § 521(a)(1) and Fed. R. Bankr. P. 1007, the Debtor failed to timely file the required schedules, statements, and Chapter 13 plan. Although the Court granted the Debtor an extension of time and expressly warned that failure to comply could result in dismissal, the Debtor cannot possibly cure these deficiencies as, more thoroughly explained below, VIP is not a creditor. Debtor will not be able to produce a document that shows that VIP is a creditor or has a claim against Debtor because VIP never heard of William Calle until shortly before Feb 5. Thus, the Debtor's continued failure to file mandatory documents that cannot be cured constitutes an independent cause for dismissal. Even if this Court were inclined to look past those deficiencies, the Debtor's own statements light the path directly to dismissal.

**Second**, the Debtor filed a faulty Creditor Matrix. The Debtor lists Best Example, Inc. in the Creditor Matrix. A google search of this entity finds Best Example, Inc. was a fictitious entity used in sample format for a creditor matrix. Thus, despite the Debtor's representation, Best Example, Inc., is not a creditor in this Petition.

**Third**, the Debtor misleads this Court about VIP's creditor status. Pursuant to 11 USCS § 101 (5) and (10). VIP does not have a "claim" against Debtor and does not meet the definition of a "creditor." VIP never heard of Debtor prior to this year. Out of nowhere, the Debtor emails VIP's Counsel a few days before Feb 5, and stated that the Debtor understood from "the property owner,

Mr. Carr" that the Property had been sold at a tax sale the prior year.[19] This admission supports the finding that Wiliam never signed a lease with VIP (and more importantly, US Bank) and never paid rent to VIP because he referenced Clarence Carr as the property owner, not US Bank.[20] The Debtor's email also implies that he never had communication with VIP prior to his first email to VIP Counsel because if he did, he would have contacted VIP before. As a result, VIP or the Property should not be involved in this action as VIP is not a creditor and has no claim against Debtor. Thus, the removal of VIP as a creditor would essentially make this Petition pointless as there would be no other creditor involved in this Petition.

**Fourth**, the Debtor is a trespasser to the Property, holds no interest in the Property, and has expressly admitted and implied these points. VIP's title report did not produce any documents that showed that the Debtor had an interest in the property. As stated before, Debtor's February 1, 2026 email admission forecloses any good-faith assertion that Mr. Calle possessed a lease or tenancy interest with the actual record owner, U.S. Bank. If Wiliam Calle is currently and unlawfully residing on the Property without US Bank's permission, then William is a trespasser to the Property, has no valid possessory interest in the Property, and definitely has no interest in the Barment Foreclosure Process concerning, the actual property owner,  US Bank.[21]

As though prior errors had somehow encouraged Debtor rather than cautioned Debtor, on February 9, 2026, the Debtor further compounded his misrepresentations by emailing VIP's

---

[19] See Exhibit F.

[20] This also highlights another inconsistency between Clarence Carr's statements that Clarence Carr lived on the Property and Debtor's statements that Debtor was a tenant on the Property, discrediting the Debtor and Clarence Carr even further.

[21] Even if the Debtor was a valid tenant who had a valid lease with US Bank, William would not be a party to the Barment Foreclosure Process, and thus has no relevancy in VIP"s Barment Foreclosure Process. The Barment Foreclosure Process is focused on determining ownership of the Property, and does not concern any eviction matters that would affect a tenant with a valid possessory interest.

counsel and treating VIP as though it were a creditor or property owner, advancing legally inapplicable conclusions in an apparent effort to manufacture a debtor–creditor relationship where none exists.[22] Then, on February 12, 2026, in Debtor's Extension Motion, Debtor literally admits to filing the Petition to stop the redemption process when he wrote:

> The petition was filed on an emergency basis due to the one year redemption period about to lapse in which to redeem real property that was sold at a tax sale. The petition was filed 3 days before the one year redemption period expired.[23]

Debtor's admission proves that the Debtor did not file the Petition to permit the "[D]ebtor to propose a plan to pay creditors and rehabilitate the [D]ebtor financially" because VIP is not a creditor, and the Debtor only filed the Petition with the intent of interfering with VIP's Barment Foreclosure Process with US Bank.

**Fifth**, permitting this case to continue would create an irreconcilable burden for the Trustee in administering a plan tied to an estate that exists not for financial rehabilitation or debt reorganization, but for the improper purpose of misusing the protections of the Bankruptcy Code. The circumstances surrounding the "Wild Deed" and the subsequent "Underground Easement" raise substantial concerns of criminal activities and suggests that there is a strong likelihood that the Debtor is knowingly assisting Clarence Carr, or someone purporting to be Clarence Carr, by filing this Petition to cover up past misdeeds. Accordingly, dismissal is necessary to protect the integrity of the bankruptcy process and prevent further misuse of this Court's jurisdiction.

---

[22] See Exhibit F.
[23] (Doc. 13).

**CONCLUSION**

Given the above reasons, VIP respectfully requests that the Court dismiss the Debtor's Petition upon the expiration of the March 4, 2026 deadline established by this Court's February 12, 2026 Order. In the event the case is not dismissed based upon the Debtor's noncompliance of the February 12, 2026 Order, VIP respectfully requests that the Court: (1) schedule a hearing on this Motion and provide notice to all parties; and (2) dismiss the Petition for lack of good faith pursuant to 11 U.S.C. § 1307(c).

~ Signature on the Next Page ~

**WHEREFORE,** VIP respectfully requests that this Court:

A) Dismiss the Debtor's Petition upon the expiration of the March 4, 2026 deadline established by this Court's February 12, 2026 Order;

B) In the event the case is not dismissed based upon the Debtor's noncompliance of the February 12, 2026 Order, VIP respectfully requests that the Court: (1) schedule a hearing on this Motion and provide notice to all parties; and (2) dismiss the Petition for cause, including lack of good faith, pursuant to 11 U.S.C. § 1307(c).

C) Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 20th day of February, 2026.

LAW OFFICES OF MARK WEINSTEIN, PC

Daniel Oliva, Esq.

Georgia Bar No. 712447

Attorney for Petitioner

1455 Haw Creek Circle East, Suite 602

Cumming, Georgia 30041-6576

Phone (770) 888-7707

Facsimile (470) 758-2199

doliva@mwlawga.com

**EXHIBIT A**

DEED
Recorded 2/13/2025  2:37 PM
Chanae Q Clemons
Clerk of Superior Court
Clayton County, GA
Book 13921 Page 388
Transfer Tax: $0.00

FOSTER, FOSTER, & SMITH, LLC
141 S. MCDONOUGH STREET
JONESBORO, GA  30236

STATE OF GEORGIA

COUNTY OF CLAYTON

## TAX DEED

WHEREAS, DANIELLE SMITH, Ex-Officio Sheriff of said County, did file writs of fieri facias, issued by said DANIELLE SMITH, Tax Commissioner of said County, against

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR TBW MORTGAGE-BACKED TRUST 2006-6, MORTGAGE PASS THROUGH CERTIFICATES SERIES 2006-6

and its predecessors in title, for Georgia State and County Taxes for the year(s) 2022-2023, upon that certain tract, parcel of land, and the improvements thereon, in said County of Clayton, State of Georgia, to wit:

ALL THAT TRACT OR PARCEL OF LAND lying and being in Land Lot 5 of the 6th District and Land Lot 12 of the 12th District, Clayton County, Georgia, Lot 44, Block A, Spivey Estates, as per plat recorded in Plat Book 17, Page 71, Clayton County Records, which reference is made for the purpose of incorporating the same as a part herein, being described in Deed Book 9916, Page 446 in aforesaid records.

LESS AND EXCEPT any property not being part of Tax Parcel 12012D A013.

This property is now known as parcel number 12012D A013, 8703 Lake Forest Dr., Jonesboro, Georgia.

Levied upon as the property of U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR TBW MORTGAGE-BACKED TRUST 2006-6, MORTGAGE PASS THROUGH CERTIFICATES SERIES 2006-6, and after due and legal Publication (as required by law), being made in the Clayton NEWS/DAILY, a newspaper published in said County of Clayton, in which Sheriff's sales are published, of the sale of said tract, parcel of land as described above, to satisfy the tax fieri facias aforesaid, the said Ex-Officio Sheriff proceeded on the 4th day of February 2025, the same being a day of sale, for the same of sale according to law, at the courthouse door in said County, and said property was then offered for sale and

VIP PROPERTIES & INVESTMENTS LLC
7039 Blue Sky Drive
Locust Grove, GA  30248

being then and there the highest bidder for the sum of Four Hundred Forty-two Thousand and 00/100 DOLLARS ($442,000.00), the said property was then and there knocked down to said highest bidder.

Book 13921 Page 389

NOW, this indenture, made and entered into, this the 4th day of February 2025 between DANIELLE SMITH, Ex-Officio Sheriff of Clayton County of the one part, and VIP PROPERTIES & INVESTMENTS LLC of the State of Georgia of the other part.

WITNESSETH, that for and in consideration of the sum of Four Hundred Forty-two Thousand and 00/100 DOLLARS ($442,000.00) cash to her in hand paid by said VIP PROPERTIES & INVESTMENTS LLC and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, the said DANIELLE SMITH, Ex-Official Sheriff, aforesaid, has granted, bargained and sold, and does by these presents grant, bargain, and sell unto the said VIP ROPERTIES & INVESTMENTS LLC, and its successors and assigns (so far as the office of Ex-Officio Sheriff authorized her to sell) all that tract, parcel of land in said County, and the improvements thereon as above described.

TO HAVE AND TO HOLD the above granted premises unto VIP PROPERTIES & INVESTMENTS LLC, and its successors and assigns, in as full and ample a manner as the same was held and possessed by the said taxpayer when the said property was levied upon and sold.

IN WITNESS WHEREOF, the said DANIELLE SMITH, Ex-Officio Sheriff of Clayton County hath hereunto set her hand and affixed her seal, the day and year first above written.

Signed, sealed and delivered

DANIELLE SMITH
Ex-Officio Sheriff
Tax Commissioner
Clayton County
State of Georgia

in the presence of:

Witness

NOTARY
My Commission Expires: 11-11-2026

# EXHIBIT B

FILED IN OFFICE
CLAYTON COUNTY, GEORGIA
2011 Feb 7    1:57 AM
DATE        TIME
JACQULINE D. WILLS
CLERK SUPERIOR COURT

Return To:

**Aldridge Connors, LLP**
780 Johnson Ferry Road NE
Suite 600
Atlanta, GA 30342
(678) 894-3400

STATE OF _____Florida_____

COUNTY OF _____Duval_____

102584

NOTE TO CLERK: Cross reference to that Security
Deed recorded at Deed Book 8866, Page 228,
Clayton County, GA.

Clayton County, Georgia
Real Estate Transfer Tax
Paid $:_____
Date _2-7_ 20_11_
JACQULINE D. WILLS
Clerk, Superior Court

DEED UNDER POWER

THIS INDENTURE, made and entered into 1/4/2011, by and between Clarence L. Carr a/k/a Clarence Carr (hereinafter collectively "Borrowers"), acting by and through U.S. Bank National Association, as Trustee for TBW Mortgage-Backed Trust 2006-6, Mortgage Pass-Through Certificates, Series 2006-6, as the duly appointed agent and Attorney-in-Fact (hereinafter "Lender") as Party of the First Part, and U.S. Bank National Association, as Trustee for TBW Mortgage-Backed Trust 2006-6, Mortgage Pass-Through Certificates, Series 2006-6, as Party of the Second Part:

WITNESSETH:

WHEREAS, Borrower did execute and deliver that certain Security Deed to Mortgage Electronic Registration Systems, Inc., as nominee for Home America Mortgage, Inc., dated 10/27/2006, which is recorded in Deed Book 8866, Page 228, Clayton County Records, said Security Deed having been last sold, assigned, transferred and conveyed to U.S. Bank National Association, as Trustee for TBW Mortgage-Backed Trust 2006-6, Mortgage Pass-Through Certificates, Series 2006-6 by Assignment, recorded at deed book 9792, page 326, Clayton County Records, which conveys the property hereinafter described to secure an indebtedness evidenced by a Note in the original principal amount of $611,700.00; and

WHEREAS, said indebtedness was not paid in accordance with the terms of said Note and Security Deed and became in default, and under the terms thereof the entire principal and interest was declared immediately due and payable; and

WHEREAS, the entire indebtedness remaining in default, and in accordance with the terms of said Security Deed, Lender did advertise said property for sale once a week for four (4) weeks immediately preceding the sale in the newspaper in Clayton County, Georgia, wherein the Sheriff carried his advertisements, namely the News Daily; and

WHEREAS, notice of the foreclosure sale was given in compliance with O.C.G.A. § 44-14-162 et seq. The notice required was rendered by mailing a copy of the Notice of Sale Under Power that was

1002-838
1/4/2011

submitted to the publisher of the News Daily, to the Borrower and any other "Debtor" (as defined by O.C.G.A. § 44-14-162.1) at least thirty (30) days prior to the foreclosure sale date of 1/4/2011; and

WHEREAS, Lender, according to the terms of said Security Deed, did expose said property for sale to the highest and best bidder for cash on the first Tuesday in January, 2010 within the legal hours of sale before the Courthouse door in Clayton County, Georgia and offered said property for sale at public outcry; and

WHEREAS, the property hereinafter described was knocked off to the Party of the Second Part, U.S. Bank National Association, as Trustee for TBW Mortgage-Backed Trust 2006-6, Mortgage Pass-Through Certificates, Series 2006-6 who was the highest and best bidder for cash, at and for the sum of $215,200.00.

NOW THEREFORE, in consideration of the premises and the above said sum of $215,200.00 in hand paid, the receipt of which is hereby acknowledged, the said Party of the First Part does hereby bargain, sell, transfer and convey unto said Party of the Second Part, its successors and assigns, the following described property:

All that tract or parcel of land lying and being situate in Land Lot 5, of the 6th District, and in Land Lot 12, of the 12th District, Clayton County, Georgia, being Lot 44, Block A of Lake Spivey Estates Subdivision (formerly known as either North Lake Shores or North Shores Subdivision, as shown on Plat recorded in Plat Book 16, Page 52, Clayton County, Georgia records), as shown on Plat recorded in Plat Book 17, Page 71, Clayton County, Georgia records, which plat is incorporated herein by reference for a more complete description.
AND ALSO:
That portion of Land lying between the Southwest line of the above described property and the high water mark of Lake Spivey, and being more particularly described as follows:
Beginning at the Southernmost point of Lot 44, Block A; thence South 53 degrees 30 minutes 49 seconds West to the shore line of Lake Spivey; thence Northwesterly, along the shore line of Lake Spivey, and following the curvature thereof, to the East line of a Georgia Power Right-of-Way easement; thence Northwesterly to the Southwest lines of Lot 44, Block A; thence South 84 degrees 11 minutes 50 seconds East to the point of beginning.

This conveyance is subject to any outstanding ad valorem taxes (including taxes which are a lien, but not yet due and payable), the right of redemption of any taxing authority, any matters which might be disclosed by an accurate survey and inspection of the property, any assessments, liens, encumbrances, zoning ordinances, easements, restrictions, covenants, and matters of record superior to the Security Deed first set out above.

TO HAVE AND TO HOLD the said property hereinbefore described, together with all and singular the rights, members and appurtenances thereunto appertaining to the only property use, benefit and behoof of the said Party of the Second Part, its successors, and assigns, in FEE SIMPLE in as full and ample a manner as the said Party of the First Part or said Party's representatives, heirs, successors and assigns, did hold and enjoy same.

1002-838
1/4/2011

09916
00448

IN WITNESS WHEREOF, Lender as Attorney in Fact for Borrower has caused this instrument to be executed in its corporate name by its duly authorized corporate officers and its corporate seal affixed, on the date first above written.

**U.S. Bank National Association, as Trustee for TBW Mortgage-Backed Trust 2006-6, Mortgage Pass-Through Certificates, Series 2006-6**
By and through their duly appointed attorney-in-fact American Home Mortgage Servicing, Inc. as recorded in deed book 9855, page 340, Clayton County Records

As Attorney in Fact for

Clarence L. Carr a/k/a Clarence Carr

By: _____

Print Name: _____ Fenton Ramsey

Title: _____ Assistant Secretary

By: _____ Kasea Matthews

Print Name: _____

Title: _____ Assistant Secretary

(CORPORATE SEAL)

Signed, sealed and delivered in the presence of:

_____
Witness   Vicki L. Brantley

_____
Notary Public

My Commission Expires: MAY 14 2013

NOTARY SEAL

ROSEMARIE BOREN
MY COMMISSION # DD890803
EXPIRES: May 14, 2013

BK09916PG448

1002-838
1/4/2011

# EXHIBIT C

11247
00295

FILED
CLAYTON COUNTY, GA

When Recorded Send To: 2016 FEB -8  PM 3:18

Clarence Carr
8703 Lake Forest Drive,
Jonesboro, Georgia 30236

JACQULINE D. WILLS
CLERK SUPERIOR COURT
802571

Cross Index to the Warranty Deed
at Deed Book 8866, Page 227

STATE OF GEORGIA

COUNTY OF CLAYTON

Clayton County, Georgia
Real Estate Transfer Tax
Paid $ -0-
Date 2-8 2018
JACQULINE D. WILLS
Clerk, Superior Court

QUITCLAIM DEED

This indenture is made this 8th day of February, 2018, by and between **Clarence Carr** (hereinafter "Grantor") and **Tangiers Seven LLC** (hereinafter "Grantee").

KNOW ALL MEN BY THESE PRESENTS that for and in consideration of the sum of Ten and No/100 Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Grantor does quitclaim unto Grantee all of his/her right, title and interest in and to the following described real property:

ALL THAT OR PARCEL OF LAND LYING AND BEING SITUATED IN LAND LOT 5, OF THE 6ᵀᴴ DISTRICT, AND IN LAND LOT 12, OF THE 12ᵀᴴ DISTRICT, CLAYTON COUNTY, GEORGIA, BEING LOT 44, BLOCK A OF LAKE SPIVEY ESTATES SUBDIVISION (FORMERLY KNOWN AS EITHER NORTH LAKE SHORES OR NORTH SHORES SUBDIVISION, AS SHOWN ON PLAT RECORDED IN PLAT BOOK 16, PAGE 52, CLAYTON COUNTY, GEORGIA RECORDS), AS SHOWN ON PLAT RECORDED IN PLAT BOOK 17, PAGE 71, CLAYTON COUNTY, GEORGIA, RECORDS, WHICH PLAT IS INCORPORATED HEREIN BY REFERENCE FOR A MORE COMPLETE DISCRIPTION.

AND ALSO:

THAT PORTION OF LAND LYING BETWEEN THE SOUTHWEST LINE OF THE ABOVE DESCRIBED PROPERTY AND THE HIGH WATER MARK OF LAKE SPIVEY, AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:
BEGINNING AT THE SOUTHERNMOST POINT OF LOT 44, BLOCK A; THENCE SOUTH 53 DEGREES 30 MINUTES 49 SECONDS WEST TO THE SHORE LINE OF LAKE SPIVEY; THENCE NORTHWESTERLY, ALONG THE SHORE LINE OF LAKE SPIVEY, AND FOLLOWING THE CURVATURE THEREOF, TO THE EAST LINE OF A GEORGIA POWER RIGHT OF WAY EASEMENT; THENCE NORTHWESTERLY TO THE SOUTHWEST LINES OF LOT 44, BLOCK A; THENCE SOUTH 84 DEGREES 11 MINUTES 50 SECONDS EAST TO THE POINT OF THE BEGINNING.
Property is commonly known as **8703 Lake Forest Drive, Jonesboro, Georgia 30236** according to the present street numbering system of Clayton County.

BK 11247 PG 295

1

CLARENCE CARR WAS
FORECLOSED @ 9916/446 (4/04/14)
HE WAS NOT IN TITLE
AT THE DATE OF EXECUTION
OF THIS DOC.    (SEE lease @ 11407/408)

11247
00296

IN WITNESS WHEREOF, Grantor has affixed his/her hand and seal on the date first written.

Clarence L. Carr

SHEILA THOMAS

Unofficial Witness

Sworn to and subscribed before me,

this 8th day of February, 2018.

Notary Public



BK I I 2 4 7 P G 2 9 6

2

# EXHIBIT D

B: DEED V: 11497 P: 408
03/27/2019 06:35 PM
2019035254 Pages: 4 Fees: $16.00

Jacquline D. Wills
Clerk of Superior Court, Clayton County, GA
eFile Participant IDs: 6020739957,

---

PROJECT **2018120045**      LETTER FILE          DEED FILE          MAP FILE
ACCOUNT NUMBER    69596-VBS-0-E09018-0-GP141-30000000-0
NAME OF LINE/PROJECT: **2575 INDIAN CREEK TRAIL ~ JONESBORO (CLAYTON COUNTY) UNDERGROUND DISTRIBUTION LINE**

PARCEL NUMBER 001

---

STATE OF GEORGIA
CLAYTON COUNTY

# U N D E R G R O U N D   E A S E M E N T

For and in consideration of the sum of Ten and No/100 Dollars ($10.00) and other good and valuable consideration, in hand paid by GEORGIA POWER COMPANY, a Georgia corporation (the "Company"), the receipt and sufficiency of which are hereby acknowledged, **TANGIERS SEVEN, LLC** (the "Undersigned", which term shall include heirs, successors and/or assigns), whose mailing Address is **2045 Mount Zion Road, Suite 157, Morrow, Georgia 30260**, does hereby grant and convey to the Company, its successors and assigns, the right, privilege and easement to go in, upon, along, across, under and through the Property (as defined below) for the purposes described herein.

The "Property" is defined as that certain tract of land owned by the Undersigned at **8703 Lake Forest Drive, Jonesboro, Georgia 30236** (Tax Parcel ID No. **12012DA013**) in Land Lot **5; 5,12** of the 6, 6,12 District of **Clayton** County, Georgia.

The "Easement Area" is defined as any portion of the Property located within ten (10) feet of the centerline of the underground distribution line(s) and related equipment as installed in the approximate location shown on "Exhibit A" attached hereto and made a part hereof.

The rights granted herein include and embrace the right of the Company to construct, operate, maintain, repair, renew and rebuild continuously upon and under the Easement Area its lines for transmitting electric current with wires, transformers, service pedestals, manholes, conduits, cables and other necessary

Underground (LIMS 2) 2017.09.17          Page 1 of 3

*(See note)*

PARCEL 001          NAME OF            2575 INDIAN CREEK TRAIL - JONESBORO (CLAYTON
                    LINE/PROJECT:      COUNTY) UNDERGROUND DISTRIBUTION LINE

apparatus, fixtures and appliances; the right to stretch communication or other
lines of any other company or person under the Easement Area; the right to
assign this Underground Easement in whole or in part; the right at all times to
enter upon the Easement Area for the purpose of inspecting said lines and/or
making repairs, renewals, alterations and extensions thereon, thereunder,
thereto or therefrom; the right to cut, trim, remove, clear and keep clear of
said underground lines, transformers, fixtures, and appliances all trees and
other obstructions that may in the opinion of the Company now or hereafter in
any way interfere or be likely to interfere with the proper maintenance and
operation of said underground lines, transformers, fixtures, and appliances;
the right of ingress and egress over the Property to and from the Easement Area;
and the right to install and maintain electrical and communication lines and
facilities to existing and future structure(s) within the Easement Area under
the easement terms provided herein. Any timber cut on the Easement Area by or
for the Company shall remain the property of the owner of said timber.

     The Undersigned does not convey any land, but merely grants the rights,
privileges and easements hereinbefore set out.

     The Company shall not be liable for or bound by any statement, agreement
or understanding not herein expressed.

                    [Signature(s) on Following Page(s)]

                         TN7273  Page 2 of 4

Underground (LIMS 2) 2017.08.17          Page 2 of 3

PARCEL 001        NAME OF        2575 INDIAN CREEK TRAIL - JONESBORO (CLAYTON
                  LINE/PROJECT:  COUNTY) UNDERGROUND DISTRIBUTION LINE

IN WITNESS WHEREOF, the Undersigned has/have hereunto set his/her/their hand(s) and seal(s), this ___11th___ day of ___March___, 2019.

Signed, sealed and delivered in the    TANGIERS SEVEN, LLC
presence of:

_____          By: _____ SEAL AS
Witness                            Name:                              member

_____          Title: Managing Member
Notary Public

Haley C McDaniel
NOTARY PUBLIC
Cobb County, GEORGIA
My Comm. Expires 04/17/2021

TN7273 Page 3 of 4

Underground (LIMS 2) 2017.09.17        Page 3 of 3



**EXHIBIT E**

## Daniel Oliva

| | |
|---|---|
| **From:** | Shocarr <shocarr@protonmail.com> |
| **Sent:** | Friday, January 16, 2026 11:13 PM |
| **To:** | Daniel Oliva |
| **Subject:** | RE: 8703 Lake Forest Drive, Jonesboro, GA |

> EXTERNAL EMAIL - This email was sent by a person from outside your organization. Exercise caution when clicking links, opening attachments or taking further action, before validating its authenticity.

Hey Daniel Good Day,

I purchased the property October 27th 2006 and have been living in the property ever since purchase date.

Clarence L Carr
8703 Lake Forest Drive
Jonesboro, GA 30236


C L Carr

Sent with Proton Mail secure email.

On Friday, January 16th, 2026 at 11:39 AM, Daniel Oliva <doliva@mwlawga.com> wrote:


Morning,


My office is currently running a report to determine which interested parties are entitled to a notice of the right to redeem. After we receive the report, we will prepare the notices and send them out. In the event you are an interested party, what is your address?


Sincerely,

Daniel

1

**Daniel Oliva**

Senior Attorney

1455 Haw Creek Circle East | Suite 602

Cumming, GA 30041-6576

**O:** (770) 888-7707 | **D:** (770) 790-0914

doliva@mwlawga.com

Visit Us Online

NOTE: This transmittal is a confidential communication and is intended for the specified recipient only. If it is not clear that you are the inte
recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution, or copying of this trans
is strictly prohibited. If you suspect that you have received this communication in error, please reply to this message and immediately dele
discard this message and all its attachments.

NOTE: Georgia's "Good Funds Law" is codified at O.C.G.A. § 44-14-13. Under Georgia's Good Funds Law, a closing attorney may not close
fund a transaction until the attorney has "collected funds" in their escrow account. "Collected funds" means "funds deposited, finally settled
credited to the settlement agent's escrow account." Collected funds do not include certified or cashier's checks. In short, if the amou
buyer(s) must bring to closing is less than $5,000.00, we can accept a personal check for the amount the buyer(s) owes at closing. However,
amount the buyer(s) must bring to closing exceeds $5,000.00, the buyer(s) must wire the funds to our law office escrow account. We recom
arranging for that transfer at least 24 hours in advance. We would be happy to provide our wiring instructions.

EXTERNAL EMAIL - This email was sent by a person from outside your organization. Exercise caution when clicking links, opening attachments or taking further action, before validating its authenticity.

Hi Daniel Good Day,

I do not have a lawyer.

I need the current amount owed to redeem the property.

Please itemize all the fees added to the debt and email it to me as soon as possible so that I can pay it before the one year anniversary.

Clarence L Carr

Sent with Proton Mail secure email.

2

On Thursday, January 15th, 2026 at 12:34 PM, Daniel Oliva <doliva@mwlawga.com> wrote:

Good Day,

I received from my client a letter in connection with a tax deed for 8703 Lake Forest Drive, Jonesboro, GA. Before I proceed further, do you have an attorney representing you on this matter? If so, please send me that attorney's information. If not, when is a good time to discuss this matter on Friday or next week.

Sincerely,

Daniel



**Daniel Oliva**
Senior Attorney
1455 Haw Creek Circle East | Suite 602
Cumming, GA 30041-6576
**O:** (770) 888-7707 | **D:** (770) 790-0914
doliva@mwlawga.com
Visit Us Online

NOTE: This transmittal is a confidential communication and is intended for the specified recipient only. If it is not clear that you ar recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution, or copying o is strictly prohibited. If you suspect that you have received this communication in error, please reply to this message and immedi discard this message and all its attachments.

NOTE: Georgia's "Good Funds Law" is codified at O.C.G.A. § 44-14-13. Under Georgia's Good Funds Law, a closing attorney may fund a transaction until the attorney has "collected funds" in their escrow account. "Collected funds" means "funds deposited, fina credited to the settlement agent's escrow account." Collected funds do not include certified or cashier's checks. In short, if th buyer(s) must bring to closing is less than $5,000.00, we can accept a personal check for the amount the buyer(s) owes at closing. amount the buyer(s) must bring to closing exceeds $5,000.00, the buyer(s) must wire the funds to our law office escrow account. W arranging for that transfer at least 24 hours in advance. We would be happy to provide our wiring instructions.

3

**From:** Shocarr <shocarr@protonmail.com>
**Sent:** Thursday, January 15, 2026 5:36 PM
**To:** Daniel Oliva <doliva@mwlawga.com>
**Subject:** Re: 8703 Lake Forest Drive, Jonesboro, GA

**EXHIBIT F**

Case 26-51268-jwj    Doc 16    Filed 02/20/26    Entered 02/20/26 09:25:51    Desc Main
Document    Page 32 of 34

## Daniel Oliva

| | |
|---|---|
| **From:** | William Calle <ikecalle@gmail.com> |
| **Sent:** | Sunday, February 1, 2026 3:36 PM |
| **To:** | Daniel Oliva |
| **Subject:** | 8703 LAKE FOREST DRIVE - NOTICE OF AUTOMATIC STAY INJUNCTION |

This is the first time you received an email from this sender (ikecalle@gmail.com). Exercise caution when clicking links, opening attachments or taking further action, before validating its authenticity.

You don't often get email from ikecalle@gmail.com. Learn why this is important

Property Address:

8703 Lake Forest Drive
Jonesboro, GA 30236

Hi, My name is William Calle.  I understand from the property owner Mr. Carr that the house was sold last year at a tax sale.  I am a tenant here and live at the property.

I filed bankruptcy on Friday in the Northern District of Georgia.

My case number is 26-51268.

Please respect the automatic stay now in effect.


Regards,

Mr. Calle

1

**Daniel Oliva**

| | |
|---|---|
| **From:** | William Calle <ikecalle@gmail.com> |
| **Sent:** | Monday, February 9, 2026 1:05 PM |
| **To:** | Daniel Oliva |
| **Subject:** | In RE: Calle - 8703 Lake Forest Drive Tax Sale |
| **Attachments:** | VIP Tax Deed GSCCCA.org - Image Index.pdf; Case on Point USCOURTS-ganb-1_17-bk-53630-0 (1).pdf |

This is the first time you received an email from this sender (ikecalle@gmail.com). Exercise caution when clicking links, opening attachments or taking further action, before validating its authenticity.

You don't often get email from ikecalle@gmail.com. Learn why this is important

Hello:

I am working on the Ch. 13 plan and noticed the tax lien that is filed against the property lacks a notary signature.  A scrawl is not a notary's signature and therefore can be avoided in bankruptcy under 11 U.S.C. § 544(a)(3) and/or Section 522(h).

I will classify your debt as unsecured and propose a 5 year repayment plan for all unsecured creditors.

Mr. Calle.